**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRY W. GROVES, JANET ROBINSON, JOHNNY HUBBELL, ROBERT PARKS, DAVIS LANTHRIPE, CHRIS CARSON, DONNA GOLL, DENVIL JOE TINCHER, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS CORP., a foreign corporation, and UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS, INTERNATIONAL UNION, ("UNITED AUTO WORKERS"), acting through LOCAL 1999, a union, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. CIV-07-28-M ) ) ) ) ) ) ) ) ) ) |

**ORDER**

Before the Court is defendant United Automobile, Aerospace and Agricultural Implement Workers, International Union's ("Union") Motion to Dismiss, filed June 11, 2007. On July 10, 2007, plaintiffs filed their response, and on July 17, 2007, defendant General Motors Corp. ("GM") filed its response. On July 20, 2007, the Union filed its reply.

I.  Introduction

The instant action is based upon the application of the Special Attrition Plan ("SAP") to the individual plaintiffs by GM. Plaintiffs allege that under the SAP, they were entitled to benefits offered to GM employees with ten or more years of service but were paid the benefit designated for GM employees with less than ten years of service. In Count IV of their Complaint, plaintiffs allege the Union, in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, breached its duty of fair representation by failing to provide grievance rights or notice of ability to

grieve payment amounts under the SAP and by advising that grievances would not be accepted.

II.    Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Union moves to dismiss plaintiffs' claim against it for failure to state a claim for relief. Specifically, the Union asserts plaintiffs cannot maintain a claim for breach of the duty of fair representation because (1) they admit the SAP is not a collective bargaining agreement; (2) even were plaintiffs' claims considered to arise from a collective bargaining agreement, plaintiffs make no allegations against the Union which would rise to the level of being arbitrary, discriminatory, or taken in bad faith; and (3) plaintiffs' claims are barred by the language of the Special Attrition Plan Conditions of Participation Release Form.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

In order to state a valid hybrid claim under Section 301 of the Labor Management Relations

Act, 29 U.S.C. § 185, a plaintiff must be able to prove both that there was a breach of the collective bargaining agreement by the company as well as an accompanying breach of the union's duty of fair representation in relation to the breach of the agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). The Union asserts that plaintiffs cannot state a claim under Section 301 because they admit in their Complaint that the SAP is not a collective bargaining agreement. Having carefully reviewed plaintiffs' Complaint, the Court finds that plaintiffs do not admit in their Complaint that the SAP is not a collective bargaining agreement but, in fact, allege alternative claims depending on whether the SAP is considered a collective bargaining agreement or not. *See* Complaint at ¶ 20 ("however, should their claims be considered to arise out of a collective bargaining agreement . . . .").[1] Accordingly, the Court finds that plaintiffs' Section 301 claim against the Union should not be dismissed on this basis.

The Union further asserts that plaintiffs cannot state a claim under Section 301 because even if all the allegations of plaintiffs' Complaint are construed in the light most favorable to plaintiffs, the allegations are insufficient to establish that the Union's actions were arbitrary, discriminatory, or in bad faith. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

In their Complaint, plaintiffs allege: "By failing to provide grievance rights or notice of ability to grieve payment amounts under the Plan and by advising that grievances would not be accepted, the Union violated its duty of fair representation." Complaint at ¶ 23. This conclusory

---

[1] Additionally, the Court would note that in its response, GM affirmatively states that the SAP is a collective bargaining agreement.

allegation, however, is the only allegation plaintiffs make in their Complaint regarding the Union's alleged violation of its duty of fair representation; plaintiffs set forth no facts indicating that the Union's actions were arbitrary, discriminatory, or in bad faith. The Court, accordingly, finds that plaintiffs' Complaint does not contain enough facts to state a Section 301 claim against the Union that is plausible on its face. The Court, therefore, finds that plaintiffs' Section 301 claim against the Union should be dismissed for failure to state a claim. However, the Court finds that plaintiffs should be granted leave to amend their Complaint to correct this deficiency.

Finally, the Union asserts that plaintiffs' Section 301 claim must fail because the SAP's language releases defendants from liability. The release form referenced by the Union, however, is neither attached to its motion to dismiss nor contained within the Court file in this case. Because the Court has not been presented with the release form, the Court finds that the Union's motion to dismiss should not be granted on this basis.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Union's Motion to Dismiss [docket no. 14] and DISMISSES plaintiffs' Section 301 claim against the Union. Plaintiffs are granted leave to amend their Complaint and shall file any Amended Complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 31st day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE