**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRY W. GROVES, JANET ROBINSON, JOHNNY HUBBELL, ROBERT PARKS, DAVIS LANTHRIPE, CHRIS CARSON, DONNA GOLL, DENVIL JOE TINCHER, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS CORP., a foreign corporation, and UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS, INTERNATIONAL UNION, ("UNITED AUTO WORKERS"), acting through LOCAL 1999, a union, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. CIV-07-28-M ) ) ) ) ) ) ) ) ) ) |

**ORDER**

Before the Court is defendant United Automobile, Aerospace and Agricultural Implement Workers, International Union's ("Union") Motion to Dismiss Amended Complaint, filed December 5, 2007. On December 21, 2007, plaintiffs filed their response, and on January 2, 2008, the Union filed its reply.

I.  Introduction

The instant action is based upon the application of the Special Attrition Plan ("SAP") to the individual plaintiffs by defendant General Motors Corp. ("GM"). Plaintiffs allege that under the SAP, they were entitled to benefits offered to GM employees with ten or more years of service but were paid the benefit designated for GM employees with less than ten years of service. In Count IV of their Amended Complaint, plaintiffs allege the Union, in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, breached its duty of fair representation by failing to

provide grievance rights or notice of ability to grieve payment amounts under the SAP and by advising that grievances would not be accepted.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Union moves to dismiss plaintiffs' claim against it for failure to state a claim for relief. When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

In order to state a valid hybrid claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, a plaintiff must be able to prove both that there was a breach of the collective bargaining agreement by the company as well as an accompanying breach of the union's duty of fair representation in relation to the breach of the agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). The Union asserts that plaintiffs cannot state a claim under Section 301

because even if all the allegations of plaintiffs' Amended Complaint are construed in the light most favorable to plaintiffs, the allegations are insufficient to establish that the Union's actions were arbitrary, discriminatory, or in bad faith. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

In their Amended Complaint, plaintiffs allege:

> 22. Plaintiffs asserted to the company and to the Union that they were entitled to payment based on 10 years of service within the meaning of the Special Attrition Plan.
>
> 23. Notwithstanding this notice the Union refused to represent the Plaintiff is [sic] their claims.
>
> 24. Defendant Union's action was arbitrary, discriminatory and/or in bad faith in that:
>     A.  To the extent that the plan was part of a CBA, the Defendant Union was specifically aware of this fact as it would have negotiated the terms and conditions of the plan.
>     B.  Defendant Union had specific knowledge of the Plaintiffs' claims.
>     C.  The Union never denied that the plan was part of a CBA or was part of an agreement under which the Union had a duty of representation, but Defendant Union nonetheless refused without explanation or justification to provide grievance rights, or notice of ability to grieve payment amounts under the Plan and, to the contrary, advised that grievances would not be accepted.
>     D.  Under the facts set out above, the Union would have known that its failure to assist the Plaintiffs' [sic] with their claims was unjustified, arbitrary and capricious and the Union's failure to explain its actions or offer a justification for its refusal is an indication that Union was aware that its conduct was arbitrary, discriminatory and/or in bad faith.

>   25. Plaintiffs were orally advised in late July that they would not be allowed the benefits to which they claim entitlement, ie: payment based on ten (10) years of service. This was not a final determination and no final determination was made regarding the payments to be made to each Plaintiff until each Plaintiff received his or her checks. At this same meeting Plaintiffs and at subsequent communications thereafter, Plaintiffs were advised that their only recourse was to file a suit challenging the determination when it was made and that there was no right to grieve the matter. Plaintiffs were even denied grievance forms for this issue.

Amended Complaint at ¶¶ 22-25.

Having carefully reviewed the Amended Complaint, the Court finds that plaintiffs have set forth sufficient allegations to state a Section 301 claim against the Union that is plausible on its face. Specifically, the Court finds that plaintiffs' Amended Complaint contains sufficient allegations indicating that the Union's activities were arbitrary and/or in bad faith. Accordingly, the Court finds plaintiffs' Section 301 claim against the Union should not be dismissed on this basis.

The Union further asserts that plaintiffs cannot state a claim under Section 301 because they were not bargaining unit members at the time of the alleged breach. Specifically, the Union contends that by plaintiffs' own allegations, the alleged breach of the SAP by GM took place after plaintiffs had voluntarily resigned their employment and were no longer members of the bargaining unit.

Having carefully reviewed the Amended Complaint, the Court finds that plaintiffs' Section 301 claim against the Union arises out of the Union's conduct with regard to grieving both GM's proposed determination of benefits and final determination of benefits. Specifically, plaintiffs allege in their Amended Complaint that they were orally advised in late July 2006 and at subsequent communications thereafter that there was no right to grieve the matter and were denied grievance

forms for this issue. *See* Amended Complaint at ¶ 25. Because plaintiffs' Section 301 claim arises out of conduct which occurred while plaintiffs were still members of the bargaining unit, the Court finds that plaintiffs' Section 301 claim against the Union should not be dismissed.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES the Union's Motion to Dismiss Amended Complaint [docket no. 30].

**IT IS SO ORDERED this 18th day of April, 2008.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE