## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY W. GROVES, et al.,       ) | |
|                          ) | |
|           Plaintiffs,       ) | |
|                          ) | |
| vs.                            ) | Case No. CIV-07-28-M |
|                          ) | |
| GENERAL MOTORS CORP., a foreign   ) | |
| corporation, et al.,               ) | |
|                          ) | |
|           Defendants.      ) | |

## ORDER

Before the Court is plaintiffs' Motion to Reconsider the Entry of Summary Judgment on the Application of Oklahoma's Wage Statutes, filed April 6, 2009. On April 9, 2009, defendant General Motors Corp. ("GM") filed its response.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiffs' motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiffs' position, and it did not misapprehend the controlling law. In their motion for reconsideration, plaintiffs simply make the same arguments and cite to the same case law as they

did in their response to GM's motion for summary judgment.  Additionally, in their motion for reconsideration, plaintiffs assert that this Court granted summary judgment to GM on the state wage claim based upon a finding that GM had established a bona fide dispute as to whether the separation stipend is owed to plaintiffs.  The Court made no such finding in its March 31, 2009 Order; the Court granted summary judgment as to the state wage claim based upon preemption.

Accordingly, the Court DENIES plaintiffs' Motion to Reconsider the Entry of Summary Judgment on the Application of Oklahoma's Wage Statutes [docket no. 103].

**IT IS SO ORDERED this 10th day of April, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE