**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRY W. GROVES, | ) |
| JANET ROBINSON, | ) |
| JOHNNY HUBBELL, | ) |
| ROBERT PARKS, | ) |
| DAVIS LANTHRIPE, | ) |
| CHRIS CARSON, | ) |
| DONNA GOLL, | ) |
| DENVIL JOE TINCHER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. CIV-07-28-M |
| | ) |
| GENERAL MOTORS CORP., | ) |
| a foreign corporation, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is plaintiffs' Motion to Assess Prejudgment Interest and to Allow Attorney's Fees with Authority, filed April 23, 2009. On April 30, 2009, defendant General Motors Corporation ("GM") filed its response, and on May 1, 2009, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

This matter was tried before a jury on April 13, 2009 through April 16, 2009. The jury returned a verdict in favor of all plaintiffs on their federal claims for breach of contract and promissory estoppel. Plaintiffs now move the Court to assess prejudgment interest and to find that attorney's fees are awardable in this case.

I.    Prejudgment Interest

"Under federal law, the rationale underlying an award of prejudgment interest is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of [the] judgment." *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d

1275, 1288 (10th Cir. 1998) (internal quotations and citations omitted). The Tenth Circuit has adopted "a preference, if not a presumption, for prejudgment interest." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000). Therefore, prejudgment interest is "ordinarily awarded, absent some justification for withholding it." *Suiter*, 151 F.3d at 1288 (internal quotations and citation omitted). To determine whether to award prejudgment interest, a court must "focus on a two-step analysis: (1) whether an award of prejudgment interest would serve to compensate [the prevailing party]; and (2) if so, whether equity precludes an award." *United Phosphorus*, 205 F.3d at 1237.

In its response, GM states that it will not dispute that prejudgment interest would compensate plaintiffs. The Court, therefore, need only determine whether equity precludes an award of prejudgment interest in this case. Having carefully reviewed the parties' submissions, the court file in this case, as well as the evidence presented during the trial of this matter, the Court finds that equitable considerations do not preclude an award of prejudgment interest and further finds no justification for withholding prejudgment interest in this case. In fact, the Court finds that the only equitable resolution is to award prejudgment interest because without an award of prejudgment interest plaintiffs would not be adequately compensated. The Court, therefore, finds that plaintiffs should be awarded prejudgment interest.

"Calculation of the rate for prejudgment interest also rests firmly within the sound discretion of the trial court." *Weber v. GE Group Life Assurance Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008) (internal quotations and citations omitted). While courts have used various interest rates to calculate prejudgment interest, "[c]ourts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that the applicable 6% per annum prejudgment interest rate for contract claims in Oklahoma is the most appropriate rate to use in the case at bar to achieve full and just compensation for plaintiffs. The Court further finds that the 6% per annum rate, compounded annually, reasonably and conservatively accounts for the actual value of the money had it been timely paid.

II.   Attorney's Fees

Plaintiffs also move this Court to determine that attorney's fees are awardable in this case. In support of their motion, plaintiffs rely upon two Oklahoma statutes which provide for attorney's fees. However, the only claims that survived summary judgment and were tried to the jury were <u>federal</u> breach of contract and promissory estoppel claims, and plaintiffs have set forth no authority which support an award of attorney's fees for these federal claims.[1] Further, because there was no verdict in favor of plaintiffs on any state law claim, the Court finds that an award of attorney's fees can not be based upon these Oklahoma statutes. *See, i.e., Hail v. Heyman-Christiansen, Inc.*, 536 F.2d 908 (10th Cir. 1976).

Accordingly, the Court finds that attorney's fees should not be awarded in this case.

III.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Assess Prejudgment Interest and to Allow Attorney's Fees [docket no. 133] as follows:

(A)   The Court GRANTS plaintiffs' motion to assess prejudgment interest, and

---

[1] The Court would further note that plaintiffs would not even be entitled to attorney's fees under Okla. Stat. tit. 40, § 165.9 because this Court found that plaintiffs' claim for unpaid wages under section 165.9 was preempted and granted summary judgment in favor of GM on this claim.

3

(B)     The Court DENIES plaintiffs' motion to allow attorney's fees.

**IT IS SO ORDERED this 13th day of May, 2009.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE